UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRANDON SPICER-BANKS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-215-KAC-DCP |
| ANNA FRAZEE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Morgan County Correctional Complex ("MCCX"), filed (1) a pro se action under 42 U.S.C. § 1983 [Doc. 2], (2) a motion for leave to proceed *in forma pauperis* [Doc. 1], and (3) a motion to appoint counsel [Doc. 3]. For the reasons set forth below, the Court (1) **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1]; (2) **DENIES** Plaintiff's motion to appoint counsel [Doc. 3]; and **PERMITS** Plaintiff to proceed **only** on his claim for use of force against Defendant in her individual capacity.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's

preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     MOTION TO APPOINT COUNSEL

In support of his motion to appoint counsel [Doc. 3], Plaintiff states that he is unfamiliar with the law, this action is factually and legally complex, and that he will need to conduct discovery and obtain "video footage" in this case [Doc. 3 at 2-3]. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But "[a]ppointment of counsel in a civil case is not a constitutional right;" instead, it is a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exists based on the type and complexity of the case, and the plaintiff's ability to represent himself. *Id*. at 606. Plaintiff's case is not factually or legally complex. Plaintiff's filings show that he can adequately represent himself and present his claims. And nothing about Plaintiff's status prevents him from conducting discovery at the appropriate time. Accordingly, Plaintiff has not established that "exceptional circumstances" exist, *see Lavado*, 992 F.2d at 606, and the Court **DENIES** the motion to appoint counsel [Doc. 3].

### III.     COMPLAINT SCREENING

####      A.     Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

####      B.     Allegations of Complaint

According to Plaintiff, on December 27, 2022, he was inside cell 105 at the MCCX using the telephone when he threw fecal matter toward cell 107 and accidentally struck Defendant Corporal Anna Frazee in the back [Doc. 2 at 3-4]. Defendant Corporal Frazee "calmly" walked to

Plaintiff's door and spoke with him before walking toward cell 107 [*Id*. at 4]. She then returned to Plaintiff's cell and requested the telephone from Plaintiff so that "she could secure [his] mid-level pie flap" [*Id*.]. Plaintiff refused Corporal Frazee's order, and the two began to struggle for the telephone [*Id*.]. When Corporal Frazee could not get the telephone away from Plaintiff, she began spraying Plaintiff with pepper spray [*Id*.]. Plaintiff used his jacket to block the pepper spray from getting in the cell, but he eventually gave Corporal Frazee the telephone and allowed her to secure the pie flap [*Id*.]. Once Plaintiff's cell was secured, Corporal Frazee walked away from Plaintiff's cell door [*Id*.].

Plaintiff walked to the middle of his cell and threw his jacket under the bed [*Id*.]. Plaintiff then heard Defendant Corporal Frazee demand that a correctional officer give her a can of pepper spray [*Id*.]. Moments later, Corporal Frazee began "emptying another can" of pepper spray under Plaintiff's cell door while yelling, "Payback is a motherf[**]ker. You black piece of sh[*]t. You monkey" [*Id*.]. Plaintiff felt like he was suffocating [*Id*.].

Moments later, Plaintiff was taken to medical for decontamination [*Id.*] But he was "only treated for" an inexplicably bleeding finger [*Id*. at 4-5]. Plaintiff was moved to a different unit where he used a hidden washcloth to "clean off" [*Id*. at 5]. Later that same night, Plaintiff "ended up on suicide watch" and stayed in the shower for hours [*Id.*]. "Not to[o] long after[,]" Plaintiff began experiencing blurriness in his right eye, which lasted for several months [*Id.*].

Plaintiff asserts that "[t]here was no justification for the second administration of chemical agents up under [his] cell door" [*Id.*]. Plaintiff filed this suit asserting that Defendant Corporal Frazee engaged in the "unjustified and excessive use of pepper spray in violation of the 8th Amendment" and seeking an award of compensatory and punitive damages for Defendant's alleged excessive use of force [*Id*. at 5-6].

4

C.     **Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff does not identify whether he brings this action against Defendant Corporal Frazee in her official capacity, individual capacity, or both. Typically, "[a]bsent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)). Nevertheless, to Plaintiff's benefit, the Court presumes that Plaintiff intended to pursue this suit against Defendant in both her official and individual capacities.

1.     **Official Capacity**

Defendant Frazee is employed at the MCCX [*See* Doc. 2 at 3]. MCCX is a state prison under the control of the TDOC. *See* Tennessee Dep't of Corr., *State Prison List*, https://www.tn.gov/correction/state-prisons/state-prison-list.html (last accessed September 7, 2023). Therefore, a suit against Defendant in her official capacity, is essentially a suit against TDOC itself and the state of Tennessee. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But Tennessee is not subject to suit because "a State is not a person within" Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also Hix*, 196 F. App'x at 355 (TDOC is not a "person" within the meaning of Section 1983).

Moreover, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated the state or agencies' immunity, or the state has

5

expressly waived immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory[,] or monetary relief."). The State of Tennessee has not waived its immunity to suit under Section 1983. *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). Because Plaintiff cannot maintain suit against the State of Tennessee, he likewise cannot maintain suit against TDOC personnel, including Defendant, in her official capacity. *See WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513-14 (6th Cir. 2021) (holding state officials sued in their official capacity are immune from suit under doctrine of sovereign immunity absent consent). Accordingly, the Court **DISMISSES** all claims against Defendant in her official capacity.

    2.    **Individual Capacity**

        a.    **Use of Force**

Plaintiff asserts that Defendant Corporal Frazee's second administration of pepper spray against him violated his rights under the Eighth Amendment [*See* Doc. 2 at 5-6]. The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Fourteenth Amendment incorporated the Eighth Amendment against the States. *See Robinson v. California*, 370 U.S. 660, 666-67 (1962). The Eighth Amendment's "ban on cruel and unusual punishment prohibits the 'unnecessary and wanton infliction of pain' on prisoners." *Johnson v. Sootsman*, --- F.4th ---, 2023 WL 5274516, *4 (6th Cir. Aug. 16, 2023) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). This has both a subjective and objective component. *Id.* In the "use-of-force context," subjectively, "prisoners who challenge a correctional officer's use of force must prove more than

6

that the officer acted with 'deliberate indifference' to whether the force was necessary." *Id.* (citations omitted). It is "force used maliciously and sadistically to cause harm" that violates the Eighth Amendment. *See id.* (citations and quotations omitted). Objectively, the prisoner "need not prove extreme or serious harms" because "the malicious and sadistic infliction of pain violates . . . contemporary standards [of decency] whether or not the pain leads to any significant injury." *Id.* at *5. Here, Defendant's allegations are sufficient to state a plausible Section 1983 claim under the Eighth Amendment for use of force. Accordingly, Plaintiff's Eighth Amendment use of force claim against Defendant in her individual capacity may **PROCEED**.[1]

### b. Language

Plaintiff does not state that he seeks to sue Defendant Corporal Frazee for her alleged use of unacceptable language [*See* Doc. 2]. But if he did, the allegations in his Complaint would fail to state a Section 1983 claim. Verbal harassment or threats toward an inmate alone do not constitute "punishment" within the meaning of the Eighth Amendment. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Faulkner v. Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983."). Accordingly, to the extent that Plaintiff intended to raise such a claim, the Court **DISMISSES** that claim.

## IV. CONCLUSION

As set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

---

[1] Plaintiff did not challenge Defendant Corporal Frazee's first administration of pepper spray to restore order when Plaintiff was noncompliant and in a physical altercation with Defendant [*See* Doc. 2]. But if he had, the Complaint fails to allege facts sufficient to state an Eighth Amendment use of force claim. *See Johnson*, 2023 WL 5274516 at *4.

7

2. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

3. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. The Court **PERMITTED** Plaintiff's Eighth Amendment use of force claim against Defendant Corporal Anna Frazee in her individual capacity to **PROCEED**; and

5. The Court **DISMISSED** Plaintiff's remaining claims.

In addition, the Court:

1. **DIRECTS** the Clerk to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Corporal Anna Frazee;

2. **ORDERS** Plaintiff to complete the service packet and return it to the Clerk's Office **within twenty-one (21) days of entry of this Order.** At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

3. **NOTIFIES** Plaintiff that if he fails to timely return the completed service packet, this action will be dismissed;

4. **ORDERS** Defendant to answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the Complaint, it may result in entry of judgment by default against her;

5. **ORDERS** Plaintiff to immediately inform the Court and Defendant, or her counsel of record, of any address change in writing. Under Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**  s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge